UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD THOMAS RICHMOND,<br>　　　　Petitioner,<br>　　　v.<br>CONNIE GIPSON, Warden,<br>　　　　Respondent. | NO. CV 14-6812-AG (AGR)<br><br>ORDER TO SHOW CAUSE |

　　　　On September 2, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

　　　　The court, therefore, orders Petitioner to show cause, on or before ***October 15, 2014***, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## **PROCEDURAL BACKGROUND**

On December 18, 2003, a Los Angeles County jury convicted Petitioner of first degree robbery, assault with a deadly weapon (semiautomatic firearm), false imprisonment, attempted robbery, first degree burglary, and possession of a firearm in a school. (Petition, Enclosure A.). The court sentenced Petitioner to 25 years, 4 months in prison. (Petition, Enclosure B at 2.)

On June 6, 2005, the California Court of Appeal affirmed most of the convictions, modified and struck some of the counts, and reduced Petitioner's prison term to 22 years, 4 months in prison. (Petition, Enclosure A; Enclosure B at 2.) On September 21, 2005, the California Supreme Court denied review. (Petition at 3.)

On June 23, 2013, Petitioner filed his first habeas petition in the Superior Court. Petitioner filed habeas petitions up the ladder. The California Supreme Court denied the last habeas petition on June 30, 2014. (Petition at 3-4(a).)

Petitioner raises two grounds in the instant petition. (Petition at 5.)[1]

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

---

[1] Petitioner submitted two envelopes containing the instant petition. The first envelope is marked #1 of 3 and has a date on the back of it of August 24, 2014. Another envelope is marked 3 of 3 and has no date on the back of it but was received by this court on August 18, 2014. Assuming there was a "second" envelope, it was not received by the Clerk's office. Finally, the petition was dated August 1, 2014, and the proof of service dated August 25, 2014. Although immaterial to the timeliness issue, for the purpose of this Order, the court will use August 1, 2014 as the constructive filing date. Petitioner is free to submit the contents of the second envelope.

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The only subdivision relevant here is (d)(1)(A).

The California Supreme Court denied review on direct appeal on September 21, 2005. Petitioner's conviction became final 90 days later on December 20, 2005. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the statute of limitations expired on December 20, 2006. The petition here was filed over seven years late.

### A.   Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner did not file his first state habeas petition until 2013, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

Absent equitable tolling, the petition is time-barred.

### B.   Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable

diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness."'  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

Petitioner does not indicate he is entitled to equitable tolling.  The petition remains time-barred.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before **October 15, 2014**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to respond to this order to show cause by October 15, 2014, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  September 15, 2014

ALICIA G. ROSENBERG
United States Magistrate Judge

4